UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ROSS MIALE, | ) 1:13-cv—00005-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION FOR |
| | ) WRIT OF HABEAS CORPUS FOR FAILURE |
| | ) TO EXHAUST STATE COURT REMEDIES |
| v. | ) (Doc. 1) |
| | ) |
| DEPARTMENT OF CORRECTIONS AT | ) ORDER DECLINING TO ISSUE A |
| D. V. I., | ) CERTIFICATE OF APPEALABILITY AND |
| | ) DIRECTING THE CLERK TO CLOSE THE |
| Respondent. | ) CASE |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on January 11, 2013 (doc. 6). Pending before the Court is Petitioner's petition, which was filed in this Court on

1

January 2, 2013.  The petition challenges Petitioner's conviction
of multiple theft offenses in the Tuolumne County Superior Court,
for which Petitioner was sentenced to an eight-year prison term
on October 2, 2012.  (Pet., doc. 1, 1.)

    I.  Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United
States District Courts (Habeas Rules) requires the Court to make
a preliminary review of each petition for writ of habeas corpus.
The Court must summarily dismiss a petition "[i]f it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court...."
Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
1990).  Habeas Rule 2(c) requires that a petition 1) specify all
grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; the petition must state facts
that point to a real possibility of constitutional error.  Rule
4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass,
915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75
n. 7 (1977)).

    Allegations in a petition that are vague, conclusory, or
palpably incredible are subject to summary dismissal.  Hendricks
v. Vasquez, 908 F.2d at 491.  The Court may dismiss a petition
for writ of habeas corpus either on its own motion under Habeas
Rule 4, pursuant to the respondent's motion to dismiss, or after
an answer to the petition has been filed.  Advisory Committee
Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260

2

1 F.3d 1039, 1042-43 (9th Cir. 2001).

2     II. <u>Exhaustion of State Court Remedies</u>

3     A petitioner who is in state custody and wishes to challenge
4 collaterally a conviction by a petition for writ of habeas corpus
5 must exhaust state judicial remedies.   28 U.S.C. § 2254(b)(1).
6 The exhaustion doctrine is based on comity to the state court and
7 gives the state court the initial opportunity to correct the
8 state's alleged constitutional deprivations.   <u>Coleman v.</u>
9 <u>Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509,
10 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir.
11 1988).

12     A petitioner can satisfy the exhaustion requirement by
13 providing the highest state court with the necessary jurisdiction
14 a full and fair opportunity to consider each claim before
15 presenting it to the federal court, and demonstrating that no
16 state remedy remains available.   <u>Picard v. Connor</u>, 404 U.S. 270,
17 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.
18 1996).   A federal court will find that the highest state court
19 was given a full and fair opportunity to hear a claim if the
20 petitioner has presented the highest state court with the claim's
21 factual and legal basis.   <u>Duncan v. Henry</u>, 513 U.S. 364, 365
22 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10
23 (1992), <u>superceded by statute as stated in</u> <u>Williams v. Taylor</u>,
24 529 U.S. 362 (2000) (factual basis).

25     Additionally, the petitioner must have specifically told the
26 state court that he was raising a federal constitutional claim.
27 <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669
28 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala</u>

1    v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,

2    133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United

3    States Supreme Court reiterated the rule as follows:

4            In Picard v. Connor, 404 U.S. 270, 275...(1971),
         we said that exhaustion of state remedies requires that
5        petitioners "fairly presen[t]" federal claims to the
         state courts in order to give the State the
6        "'opportunity to pass upon and correct' alleged
         violations of the prisoners' federal rights" (some
7        internal quotation marks omitted). If state courts are
         to be given the opportunity to correct alleged violations
8        of prisoners' federal rights, they must surely be
         alerted to the fact that the prisoners are asserting
9        claims under the United States Constitution. If a
         habeas petitioner wishes to claim that an evidentiary
10       ruling at a state court trial denied him the due
         process of law guaranteed by the Fourteenth Amendment,
11       he must say so, not only in federal court, but in state
         court.
12
     Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule
13
     further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir.
14
     2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th
15
     Cir. 2001), stating:
16
             Our rule is that a state prisoner has not "fairly
17       presented" (and thus exhausted) his federal claims
         in state court unless he specifically indicated to
18       that court that those claims were based on federal law.
         See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
19       2000). Since the Supreme Court's decision in Duncan,
         this court has held that the petitioner must make the
20       federal basis of the claim explicit either by citing
         federal law or the decisions of federal courts, even
21       if the federal basis is "self-evident," Gatlin v. Madding,
         189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
22       Harless, 459 U.S. 4, 7... (1982)), or the underlying
         claim would be decided under state law on the same
23       considerations that would control resolution of the claim
         on federal grounds, see, e.g., Hiivala v. Wood, 195
24       F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
         88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
25       at 865.
         ...
26       In Johnson, we explained that the petitioner must alert
         the state court to the fact that the relevant claim is a
27       federal one without regard to how similar the state and
         federal standards for reviewing the claim may be or how
28       obvious the violation of federal law is.

                                      4

1  Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

2  amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

3  2001).

4      Where none of a petitioner's claims has been presented to

5  the highest state court as required by the exhaustion doctrine,

6  the Court must dismiss the petition.  Raspberry v. Garcia, 448

7  F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,

8  481 (9th Cir. 2001).  The authority of a court to hold a mixed

9  petition in abeyance pending exhaustion of the unexhausted claims

10 has not been extended to petitions that contain no exhausted

11 claims.  Raspberry, 448 F.3d at 1154.

12     Petitioner states that he has made motions to substitute his

13 counsel in the trial court, and he appears to allege that he has

14 been unsuccessful in filing an appeal in the Court of Appeal of

15 the State of California. (Pet. at 8-9, 11.)  Petitioner admits

16 that he did not appeal to the highest court.  (Id. at 9.)

17     The Court takes judicial notice of the docket in People v.

18 Miale, case number F065965 – a criminal appeal pending in the

19 Court of Appeal of the State of California, Fifth Appellate

20 District, filed on October 4, 2012, from the judgment dated

21 October 2, 2012, entered pursuant to Petitioner's grand theft

22 convictions suffered in the Tuolumne County Superior Court.[1]  It

23 appears that Petitioner has not completed the process of direct

24

25     [1] The Court may take judicial notice of facts that are capable of
   accurate and ready determination by resort to sources whose accuracy cannot
26 reasonably be questioned, including undisputed information posted on official
   websites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331,
   333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d
27 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the
   docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th
28 Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).  The address of the official
   website of the California state courts is www.courts.ca.gov.

1  appeal in the state courts at the level of the state intermediate

2  appellate court.   Thus, any application to the California Supreme

3  Court would be premature.

4      Finally, the Court takes judicial notice of the absence of

5  any record of Petitioner's having filed any application for

6  relief in the California Supreme Court with respect to the

7  judgment of October 2, 2012.

8      It appears that Petitioner has not exhausted his state court

9  remedies by seeking review from the California Supreme Court.

10 Although non-exhaustion of remedies has been viewed as an

11 affirmative defense, it is the petitioner's burden to prove that

12 state judicial remedies were properly exhausted.   28 U.S.C. §

13 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950),

14 overruled in part on other grounds in Fay v. Noia, 372 U.S. 391

15 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

16 If available state court remedies have not been exhausted as to

17 all claims, a district court must dismiss a petition.   Rose v.

18 Lundy, 455 U.S. 509, 515-16 (1982).

19     Here, Petitioner's petition is premature because he has not

20 obtained a decision on direct appeal from the state intermediate

21 appellate court, and he admits that he has not submitted his

22 claim or claims to the California Supreme Court for a ruling.   A

23 search of the official website of the California Supreme Court

24 reflects no information to show that Petitioner has presented his

25 claims to the California Supreme Court.

26     The court, therefore, concludes that Petitioner failed to

27 meet his burden to establish exhaustion of state court remedies.

28

6

1  Accordingly, the petition will be dismissed without prejudice[2]

2  for failure to exhaust state court remedies.

3         III.  <u>Certificate of Appealability</u>

4         Unless a circuit justice or judge issues a certificate of

5  appealability, an appeal may not be taken to the Court of Appeals

6  from the final order in a habeas proceeding in which the

7  detention complained of arises out of process issued by a state

8  court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

9  U.S. 322, 336 (2003).  A certificate of appealability may issue

10 only if the applicant makes a substantial showing of the denial

11 of a constitutional right.  § 2253(c)(2).  Under this standard, a

12 petitioner must show that reasonable jurists could debate whether

13 the petition should have been resolved in a different manner or

14 that the issues presented were adequate to deserve encouragement

15 to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

16 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

17 certificate should issue if the Petitioner shows that jurists of

18

19        [2]A dismissal for failure to exhaust is not a dismissal on the merits,
   and Petitioner will not be barred from returning to federal court after
20 Petitioner exhausts available state remedies by the prohibition on filing
   second habeas petitions set forth in 28 U.S.C. § 2244(b).  <u>See</u>, <u>In re Turner</u>,
21 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held as
   follows:

22        [I]n the habeas corpus context it would be appropriate for an
          order dismissing a mixed petition to instruct an applicant that
23        upon his return to federal court he is to bring only exhausted
          claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the
24        petitioner is made aware of the exhaustion requirement, no reason
          exists for him not to exhaust all potential claims before
25        returning to federal court. The failure to comply with an order of
          the court is grounds for dismissal with prejudice. Fed. Rules Civ.
26        Proc. 41(b).

   <u>Slack v. McDaniel</u>, 529 U.S. 473, 489 (2000).
27
          Therefore, Petitioner is forewarned that in the event he returns to
28 federal court and files a mixed petition of exhausted and unexhausted claims,
   the petition may be dismissed with prejudice.

                                    7

1    reason would find it debatable whether the petition states a

2    valid claim of the denial of a constitutional right or that

3    jurists of reason would find it debatable whether the district

4    court was correct in any procedural ruling.  Slack v. McDaniel,

5    529 U.S. 473, 483-84 (2000).

6        In determining this issue, a court conducts an overview of

7    the claims in the habeas petition, generally assesses their

8    merits, and determines whether the resolution was debatable among

9    jurists of reason or wrong.  Id.  An applicant must show more

10   than an absence of frivolity or the existence of mere good faith;

11   however, the applicant need not show that the appeal will

12   succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

13       A district court must issue or deny a certificate of

14   appealability when it enters a final order adverse to the

15   applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

16       Here, it does not appear that reasonable jurists could

17   debate whether the petition should have been resolved in a

18   different manner.  Petitioner has not made a substantial showing

19   of the denial of a constitutional right.  Accordingly, the Court

20   will decline to issue a certificate of appealability.

21       IV.  Disposition

22       Accordingly, it is ORDERED that:

23       1)  The petition for writ of habeas corpus is DISMISSED

24   without prejudice for Petitioner's failure to exhaust state court

25   remedies; and

26       2)  The Court DECLINES to issue a certificate of

27   appealability; and

28   ///

1       3)   The Clerk is DIRECTED to close the case.

2

3

4

5   IT IS SO ORDERED.

6   **Dated:** _____**January 16, 2013**_____        _____/s/ **Sheila K. Oberto**_____
                                            UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28